

FILED
7/28/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACOB ANDREW BERGERON, | ) |
| Petitioner, | ) |
| | ) Civil Action No. 1:20-cv-01864 (UNA) |
| J.C. HACKER, *et al.*, | ) |
| Respondents. | ) |

### **MEMORANDUM OPINION**

This matter is before the court on its initial review of petitioner's *pro se* petition for habeas corpus and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B), which mandates dismissal of a matter that is deemed frivolous or malicious.

An initial pleading must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A matter that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Petitioner, a non-prisoner, is a resident of Canton, Georgia. Nonetheless, he has filed a habeas corpus petition against multiple respondents, named and unnamed, including but not limited to, "Freemasons of the United States," individuals associated with the Federal Bureau of Investigation located in Atlanta, and "Atlanta Federal Court All Judges."

The complaint is confused, rambling, and incomprehensible. Petitioner alleges that he is currently under "mind-control" in contravention of the Geneva Agreements. He believes that this mind-control prohibits [sic] "the ability of petitioner to cogitate create imagine his comic-book

character designs plots storylines,etc. and too create imagine his movie script and the storyboards altogether." He further alleges that the mind-control constitutes [sic] "an infringement upon the production of a copyrightable material a property right and a violation of the takings clause." He asks that the court launch an investigation into FBI Atlanta's involvement in these matters and "order for ceasing of all mind control devices against petitioner immediately."

A court may dismiss a matter as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08. (D.C. Cir. 1981). This matter meets this standard. Consequently, the petition and this case will be dismissed. A separate order accompanies this memorandum opinion.

Date:  July 28, 2020

/s/
JAMES E. BOASBERG
United States District Judge